| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

MITCHELL HESS, §
　　　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 9:21-CV-111
　　　　　　　　　　　　　　　§
COMMISSIONER OF SOCIAL §
SECURITY ADMINISTRATION, §
　　　　　　　　　　　　　　　§
　　　　Defendant. §

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Mitchell Hess ("Hess"), requests judicial review of a final decision of the Commissioner of Social Security Administration ("Commissioner") with respect to his application for disability-based benefits. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

On April 11, 2023, the magistrate judge submitted a report which recommends affirming the Commissioner's denial of benefits. (Doc. No. 17.) Hess filed objections on April 18, 2023. (Doc. No. 18.) Hess first objects that the "Magistrate [Judge's] Report is Plagued With Inconsistencies and Inaccuracies." (Doc. No. 18, p. 1.) Second, that the "Magistrate [Judge] failed to apply the proper legal standard when evaluating the Claimant's obesity in accordance with [Social Security Ruling ("SSR")] 19-2p." (*Id.*, p. 3.)

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); FED. R. CIV. P.

72(b)(2)-(3).  The court has conducted a *de novo* determination and finds that the objections are without merit.

I.      "INCONSISTENCIES AND INACCURACIES"

Despite his aggressive position challenging the magistrate judge's findings, Hess does not identify any "inconsistencies and inaccuracies" in the Report and Recommendation.  To the contrary, Hess confuses his original points of error and frames his objections in an attempt to retroactively cure the deficient, failing arguments raised in his initial briefing to the court.  In his brief, Hess claims the hypothetical "presented to the vocational witness neglected to include all functional limitations supported by the evidence," including his need to elevate his legs for "2-3 hours in a workday, needing two 15-minute unscheduled breaks in addition to normal breaks, and being off-task 15% of the workday."  (Doc. No. 13, p. 9.)  While Hess is correct that the vocational expert testified that an individual with these symptoms would be precluded from work (Tr. 43-44), he ignores the fact that the administrative law judge ("ALJ") ultimately did not incorporate these limitations into the residual functional capacity ("RFC") because they were not supported by the evidence.

      A.      <u>Leg Elevation</u>

In support of his objection, Hess relies on a *Physical RFC Statement* completed by his treating doctor, Dr. Bui, which the ALJ found to be unpersuasive.[1]  (Tr. 22, 287-91.)  Hess contends that "[t]he magistrate [judge] reinforced his recommendation that the ALJ's decision was supported by substantial evidence by citing a portion of the RFC completed by [Dr. Bui]," and "then ignored

---

[1.]    As the magistrate judge properly noted, Hess does not challenge the weight attributed to Dr. Bui's medical opinion evidence and does not cite to any other evidence supporting his alleged need for leg elevation during the workday.

Dr. Bui's statement that he would expect Mr. Hess would be able to perform his job, on a sustained basis, 50% less efficiently than the average worker." (Doc. No. 18, p. 1, citing to "Mag. Rpt. 11.") Hess further argues in his objections that Dr. Bui "believed the Claimant should elevate his feet 80% of an eight-hour workday." (Doc. No. 18, p. 2.) This statement is entirely incorrect. The magistrate judge's Report and Recommendation contains a literal snapshot of Dr. Bui's statement (despite Hess's argument that the magistrate judge's report was "plagued with inaccuracies"), which clearly portrays his opinion that Hess's legs should be elevated 80% "high" with prolonged sitting, but the amount or percentage of time during a workday is left blank.[2] (Doc. No. 17, p. 9.) Accordingly, Dr. Bui's medical source statement does not support a need for leg elevation "80% of an eight-hour workday," as he contends. Moreover, he does not cite to any objective medical evidence that conclusively establishes a need to elevate legs to a degree that would make him incapable of engaging in any substantial gainful activity (other than a history of various diagnoses and subjective complaints, which are not disabling *per se*). Hess seemingly forgets that a diagnosis or impairment alone is not sufficient to demonstrate disability. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) ("The mere presence of some impairment is not disabling *per se*."). Furthermore, a claimant's RFC determination must be based on concrete medical evidence and not just subjective allegations. *See Williams v. Astrue*, 355 F. App'x 828, 832 n. 6 (5th Cir. 2009) ("[A]n ALJ may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions." (citing *Ripley v. Cater*, 67 F.3d 552, 557 (5th Cir. 1995).

---

[2.] Also contained in the magistrate judge's report is the ALJ's verbatim explanation why he found the doctor's opinion evidence "unpersuasive because there are too many inconsistencies to have any value." (Doc. No. 17, p. 9.)

An individual claiming entitlement to disability insurance benefits has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988); *Guzik v. Berryhill*, No. 4:17-CV-01065, 2018 WL 3212448, at *2 (S.D. Tex. June 28, 2018). In recommending affirming the ALJ's decision, the magistrate judge adequately explained why the evidence did not support Hess's alleged need to elevate his legs "80% of an "eight-hour workday." Hess does not point to any contrary objective medical evidence in support of his objection and mischaracterizes his supporting evidence. Therefore, any objection to the magistrate judge's finding that the ALJ properly accounted for Hess's need to elevate his legs is overruled.

      B.     <u>Off-task Behavior</u>

Hess also argues that "the magistrate [judge] reasoned that the ALJ acted properly by not including off-task behavior in the RFC finding because the ALJ recognized sleep apnea, neuropathy, and obesity at step two." (Doc. No. 18, p. 2.) Hess argues that "[t]his reasoning fails as the ALJ concluded that Mr. Hess could perform his past relevant work which was <u>skilled</u> sedentary work." (*Id*.) (emphasis in original). The court cannot ascertain the substance of this argument because Hess fails to explain his position, provide legal analysis, or refer to any medical evidence in support. A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc), overruled on other grounds by *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). Accordingly, the court finds this objection lacks the specificity required for any meaningful *de novo* determination and is overruled.

Hess also contends that the magistrate judge's statement that he tolerated medication well is "<u>false</u> and out of context." (Doc. No. 18, p. 2) (emphasis in original). The magistrate judge

directly quoted the medical treatment record, including Hess's subjective complaints that certain medications make him drowsy. (Doc. No. 17, p. 10.) It is unclear how a quoted excerpt from a medical treatment record can be "false," and the court recognizes that this is another example of Hess's careless misrepresentation to the court. Despite Hess's contention to the contrary, the magistrate judge clearly and accurately describes the evidence relating to his alleged side effects. The Report states:

> Hess relied on his testimony that the medication makes him "so groggy that he can't even think straight," and two citations to the medical record wherein he complained to medical providers about side effects. (Tr. 296) (Hess complains to Cherry Mathews, M.D., that Gabapentin makes him "goofy"); (Tr. 430) (Hess complains to Dr. Bui on October 10, 2019 that Gabapentin is not helping and causes drowsiness, with doctor notation that he has possible obstructive sleep apnea with limiting function and that cardiologist recommended sleep test, but Hess "had not done.")

(Doc. No. 17, p. 10.) Therefore, despite Hess's claim to the contrary, the magistrate judge recognized these subjective complaints but explained why the treatment records do not support them, which includes a verbatim excerpt of the ALJ's explanation and a citation to the transcript. Hess does not challenge the magistrate judge's analysis, but instead challenges his alleged failure to accurately depict the side effects caused by medication. As such, Hess's objection that the report inaccurately describes his testimony or the medical evidence as it relates to medication-induced fatigue also fails.

II.     <u>SSR 19-2p</u>

The Social Security Administration publishes SSRs in the Federal Register. They "are binding on all components of the [SSA]" and "represent precedent final opinions and orders and statements of policy and interpretations that [the SSA has] adopted." 20 C.F.R. § 402.35(b)(1). Hess argues that "the magistrate [judge] ignored the language of SSR 19-2p, which clearly requires that the limiting effects of obesity, including sitting, standing, walking, balancing, stopping, kneeling

and the ability to sustain function over time." (Doc. No. 18, p. 3.) Hess does not point to any objective evidence (either in his original brief or objections to the magistrate judge's report) to demonstrate *how* his obesity caused more limitations than the ALJ assessed. Therefore, the court finds that Hess's objection on this point is completely unfounded. Regardless, the court finds that the magistrate judge properly applied SSR 19-2p. His report includes the ALJ's full analysis pursuant to SSR 19-2p, and properly concludes that Hess did not cite to any objective medical evidence demonstrating how his obesity caused more limitations than the ALJ assessed.

Although unclear whether lodged as a formal objection, Hess mentions that the magistrate judge referred to a pre-SSR 19-2p case and one from the Northern District of Ohio for support, which is neither persuasive authority nor binding precedent. While Hess is correct that these legal sources are not binding authority, the magistrate judge did not rely on them for that purpose. Rather, the magistrate judge cited to *Zimmerman v. Astrue* to demonstrate that the limitations caused by obesity must be supported by the record. (Doc. No. 17, p. 12) ("In *Zimmerman v. Astrue*, the Fifth Circuit held that an ALJ's decision limiting a morbidly obese claimant to sedentary (and even light work) was not error if the evidence did not support more significant restrictions.") Furthermore, the magistrate judge did not improperly rely on a Northern District of Ohio decision. Rather, the magistrate judge referenced another district court's decision with similar issues as persuasive authority, as this and other courts commonly do.[3] Accordingly, this objection also fails.

---

[3].  "Federal courts of appeals will cite decisions of district courts, even those in other circuits; the Supreme Court may cite the decisions of the inferior courts,  or those of the state courts.  It is not unusual to cite the decision of courts in foreign jurisdictions, so long as they speak to a matter relevant to the issue before us." *Hart v. Massanari*, 266 F.3d 1155, 1169-70 (9th Cir. 2001) (internal citations omitted). The court notes that despite his objection, Hess referred to an Eleventh Circuit Court of Appeals decision and several internet sources (that were not cited correctly), and attached unverified printed material from the internet as evidence. (Doc. Nos. 13, p. 4-6; 13-1, p. 1-19.)

III.     SUBSTANTIAL EVIDENCE

Nevertheless, because "[p]rocedural perfection in administrative proceedings is not required," and a court "will not vacate a judgment unless the substantial rights of a party are affected," Hess must show that he was prejudiced by the ALJ's alleged error. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam)). "Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision." *McNair v. Comm'r of Soc. Sec. Admin.*, 537 F. Supp. 2d 823, 837 (N.D. Tex. 2008) (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). To establish prejudice, Hess must show that the ALJ's decision is not supported by substantial evidence. "'[N]o substantial evidence' will be found only where there is a 'conspicuous absence of credibility choices' or 'no contrary medical evidence.'" *Hames*, 707 F.2d at 164 (citing *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973); *Payne v. Weinberger*, 480 F.2d 1006 (5th Cir. 1973)).

As the magistrate judge noted, Hess's medical record contains multiple notations by Dr. Bui that Hess exhibited no physical disability and engaged in normal daily activities during the relevant period. (Tr. 372 (on March 22, 2019); Tr. 375 (on March 11, 2020); Tr. 381 (on February 20, 2020); Tr. 413 (on May 29, 2020); Tr. 431 (on October 10, 2019); Tr. 445 (on August 8, 2019); Tr. 451 (on March 21, 2019); Tr. 458 (on March 13, 2019); Tr. 520 (on December 3, 2020); Tr. 528 (on October 18, 2020); and Tr. 535 (on September 9, 2020). Interestingly, Hess ignores this evidence in his objections and fails to challenge the magistrate judge's finding that they constitute substantial evidence to support the ALJ's decision to affirm the denial of benefits.

IV. <u>CONCLUSION</u>

The court has conducted a *de novo* determination of Hess's objections in relation to the pleadings and the applicable law and finds the objections are without merit. *See* FED. R. CIV. P. 72(b). Accordingly, the court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** Hess's objections, and **AFFIRMS** the Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 1st day of June, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE